UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE WASHINGTON GROUP, INC.,   )
                               )
          Plaintiff,   )
                               )    **Case No. 1:07CV01892**
      v.                  )    **Judge Reggie B. Walton**
                               )
HARRY SPORIDIS,          )
                               )
        Defendant.   )

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff The Washington Group, Inc. ("Plaintiff"), by and through undersigned counsel, hereby moves this Court to reconsider its October 22, 2007 ruling and subsequent October 24, 2007 Order denying Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ("TRO Motion"), and granting TWG's TRO Motion on the grounds of newly available evidence, until the Court hears and decides TWG's Motion for Preliminary Injunction (scheduled to be heard on November 9, 2007).

The instant motion is based upon the accompanying Memorandum of Law and supporting documentation.

Dated: October 29, 2007            Respectfully submitted,

                            LITTLER MENDELSON, P.C.

By:          /s/
                      Elizabeth A. Lalik (#447052)
                      LITTLER MENDELSON, P.C.
                      1650 Tysons Blvd.
                      Suite 700
                      McLean, VA 22102
                      Phone: (703)442-8425

Fax: (703) 442-8428
clalik@littler.com

and

David S. Greenberg
DAVIS & GILBERT LLP
1740 Broadway
New York, NY 10019
(212) 468-4895

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE WASHINGTON GROUP, INC.,      )
                                 )
                    Plaintiff,   )
                                 )        Case No. 1:07CV01892
          v.                     )        Judge Reggie B. Walton
                                 )
HARRY SPORIDIS,                  )
                                 )
                    Defendant.   )

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR RECONSIDERATION

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff The Washington Group, Inc. ("TWG" or the "Company") submits this Memorandum in support of its Motion requesting the Court to reconsider its October 22, 2007 ruling and subsequent October 24, 2007 Order denying Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ("TRO Motion"), on the grounds of newly available evidence.

Specifically, TWG requests that the Court reconsider its Order and grant TWG's TRO Motion until the Court hears and decides TWG's Motion for a Preliminary Injunction (scheduled to be heard on Friday, November 9, 2007) in light of the declarations of James Meyers of Fidelity Stock Plan Services, and Gregory Speck, Manager of Equity Compensation for Omnicom Group, Inc., which were not available prior to issuing the October 22, 2007 Order. These declarations confirm that, in the process of accepting the 2005 stock grant on-line, Defendant Harry Sporidis confirmed that he reviewed and agreed to the terms of the 2005 Restricted Stock Agreement ("2005 RSA"), including the non-solicitation provision at issue here.

## STATEMENT OF FACTS

**A.    New Facts and Circumstances**

During the October 22, 2007 hearing in this matter, the Court indicated in its ruling from

the bench that it was denying Plaintiff's TRO Motion on the grounds that the evidence before it

did not sufficiently demonstrate that Defendant Harry Sporidis agreed to the terms of the 2005

Restricted Stock Agreement, containing the non-solicitation provisions at issue, when he

accepted the 2005 grant of stock through Fidelity's on-line "NetBenefits" website.  Counsel for

Plaintiff TWG suggested after the Court's ruling that Plaintiff would endeavor to obtain a

statement from a representative at Fidelity to testify about the stock acceptance process in 2005,

the year at issue in this matter.  Plaintiff has now obtained that declaration from Mr. Meyer at

Fidelity, confirming that Mr. Sporidis "read and accept[ed] the Grant Agreement," which, as Mr.

Speck's declaration confirms, was the 2005 RSA.

## LEGAL ARGUMENT

Motions to reconsider are customarily considered as motions to alter or amend a

judgment under Rule 59(e).  See Piper v. DOJ, 312 F.Supp.2d 17, 20 (D.D.C. 2004)(citing

Emory v. Sec'y of Navy, 819 F.2d 291, 293 (D.C.Cir. 1987)).  District courts have considerable

discretion in ruling on a Rule 59(e) motion.  See Piper, 312 F.Supp.2d at 20.  Under Rule 59(e),

reconsideration is appropriate if the district court finds there is: (1) an intervening change in

controlling law; (2) **the availability of new evidence**; or (3) the need to correct clear error or

prevent manifest injustice.  See Piper, 312 F.Supp.2d at 21 (emphasis added)(citing

Anyanwutaku v. Moore, 151 F.3d 1053, 1057-58 (D.C.Cir. 1998); Lance v. United Mine

Workers of America, 400 F.Supp.2d 29, 31 (D.D.C. 2005).

Here, new evidence confirms that Mr. Sporidis agreed to the 2005 RSA when he accepted the 2005 grant of stock.  Mr. Meyer of Fidelity oversees Fidelity's web-based stock plan service. (Exh. 1, Aff. of J. Meyer at ¶ 1).  Mr. Meyer confirms that the screen shots attached to his Affidavit as Exh. A were the screens Mr. Sporidis saw when he logged on to Fidelity's web site to accept his 2005 stock grant (with the specific name of the corporation, account name, and stock grant filled in).  (Id. at ¶ 3).  He further testifies that users cannot "accept" the stock grant without clicking the checkbox confirming s/he has "read and accept[ed] the Grant Agreement," which is available for the user's review by clicking on the hyperlink immediately before the checkbox.  (Id. at ¶¶ 4-5).

Mr. Speck of Omnicom administers the Company's Restricted Stock Plan.  (Exh. 2, Decl. of G. Speck at ¶ 2).  He confirms in his Declaration that when Mr. Sporidis logged on to Fidelity's web site in July 2005, the document available for Mr. Sporidis' review, and the document that Mr. Sporidis confirmed he read and accepted, was the 2005 RSA Plaintiff submitted to this Court previously as Exhibit C to the Azzopardi Declaration (filled in with Mr. Sporidis' name, the date, and the number of shares granted).  (Id. at ¶ 5).

## CONCLUSION

For all the foregoing reasons, Plaintiff The Washington Group, Inc. specifically requests that the Court grant Plaintiff's Motion For Reconsideration of its October 22, 2007 ruling and October 24, 2007 Order, and enter an order granting TWG's Motion for Temporary Restraining Order.

Dated: October 29, 2007

Respectfully submitted,

LITTLER MENDELSON, P.C.

By:

_____/s/_____
Elizabeth A. Lalik (#447052)
LITTLER MENDELSON, P.C.
1650 Tysons Blvd.
Suite 700
McLean, VA  22102
Phone: (703)442-8425
E-mail:  clalik@littler.com

and

David S. Greenberg
DAVIS & GILBERT LLP
1740 Broadway
New York, NY 10019
(212) 468-4895

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

THE WASHINGTON GROUP, INC.,

        Plaintiff,

    ·against·

HARRY SPORIDIS,

        Defendant.

No. _____

**DECLARATION OF JAMES
MEYER IN SUPPORT OF THE
WASHINGTON GROUP, INC.'S
MOTION FOR A TEMPORARY
RESTRAINING ORDER AND
INJUNCTIVE RELIEF**

**JAMES MEYER**, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares as follows:

    1.    I am the Director, Risk & Controls for Fidelity Stock Plan Services, an affiliate of Fidelity Investments ("Fidelity"). I make this declaration in support of The Washington Group's ("TWG") application for an order temporarily restraining and preliminarily enjoining its former employee, defendant Harry Sporidis ("Sporidis" or "Defendant") from continuing his ongoing breach of written protective covenants that Sporidis agreed to during his employment with TWG. I have oversight responsibility for and have participated in the process design for the systems and processes described herein, and am familiar with the facts and circumstances set forth herein. Such familiarity is based upon my own personal knowledge of the workings of Fidelity's "NetBenefits" website and the process by which Fidelity's clients' employees are presented with, and accept, grants of stock.

    2.    I understand that TWG is an affiliate of Omnicom Group, Inc. ("Omnicom"), which is one of Fidelity's clients. Fidelity provides administrative services in connection with Omnicom's Restricted Stock Award program, including

through Fidelity's "NetBenefits" website. As part of the services Fidelity provides to Omnicom and other company clients ("Issuers"), Fidelity supports an online grant award agreement process on behalf of the Issuers. In order to receive stock awards granted by these Issuers, recipients of Issuer stock awards ("Recipients") are required to log onto the NetBenefits website to review certain information provided by the Issuer in connection with the Recipients' pending stock awards, elect to accept or decline those awards, review the Issuer's documents associated with the Recipients' awards (including any plan documents and agreements, terms and conditions), and indicate that they have read and accepted those plan documents, agreements, terms and conditions.

3.      Attached hereto as Exhibit A is a copy of a "walk through" demonstrating the process that has been in place since late 2004 (and remains in place today) for accepting grants of stock though Fidelity's NetBenefits website, including screen shots of that process. Exhibit A demonstrates the grant acceptance process that has been in place from late 2004 through the present for all Issuers for whom Fidelity has provided online grant award agreement processing in connection with the Issuer's stock award program. The only differences between the screen shots in Exhibit A and the screens that an employee of Omnicom or its affiliates (including Sporidis) would have seen while accepting a stock grant in 2005 are:

- The name of the corporation displayed in the upper left corner of the screen and throughout the screens: Rather than "Theta Corporation," the name would have read "Omnicom Group;"

- The name of the account: Rather than "Theta Stock Option Plan," this would have read "Equity Incentive Plan;" and:

- The Grant ID: Rather than "THTAOPTION3," this would have been filled with information specific to the grant being reviewed by the employee (in Sporidis's case, "2005 5-20," as reflected in Exhibits B and C).

2

4.      As Exhibit A demonstrates, Recipients who log onto the NetBenefits site are notified at various steps in the process that they are required to review the documents associated with their employers' stock plans – which are available via hyperlinks at various stages during the process.  At the final stage of the process, Recipients are notified that they are required to review and accept the terms and conditions of the Issuer's grant agreement (the "Grant Agreement"), which is available by hyperlink located immediately below this notice.  Upon clicking the hyperlink, the Grant Agreement – filled in with the information specific to the grant that Recipient is receiving (such as name, date, number of shares being awarded, and par value) -- opens on the Recipient's screen, and can be printed and saved by the Recipient.

5.      Before completing this final step of the acceptance process, Recipients are then required to click the checkbox located immediately below this hyperlink to indicate that they have read and accepted the Grant Agreement.  Without checking this box, the Recipients (including Sporidis) are unable to successfully click the "Accept" button – located directly below the notice and checkbox – and therefore are unable to receive their award of stock.

6.      When a recipient checks the box indicating that they have read and accepted the terms and conditions of their Grant Agreement, and click on "Next," a record is automatically generated by Fidelity's computer system, indicating the Recipient's name, participant ID number, number of shares and share price, and the date and time that the participant accepted the grant.  (A similar record is generated if the Recipient declines the grant, showing the date and time the grant was declined.)  Attached hereto as Exhibit B is a true and correct copy of a screen shot from Fidelity's

3

computer system, displaying the record generated when Sporidis logged into Netbenefits and accepted his 2005 stock award (the "2005 Award"), at 8:40 PM on July 27, 2005.

  7.  Attached hereto as Exhibit C is a true and correct copy of Fidelity's Online Grant Agreement Report for Sporidis's acceptance of his 2005 Award, generated using Fidelity's computer system, reflecting the key information contained in that system regarding Sporidis' acceptance of his 2005 Award (as detailed in Exhibit B).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Covington, Kentucky
   October 23, 2007

            James Meyer
            Director, Risk & Controls
            Fidelity Stock Plan Services, LLC

4

# JAMES MEYER DECLARATION
## EXHIBIT A

Grant Agreement Walk Through on Netbenefits

After logging in to your account you will see a section entitled "Stock Plans" under this heading you will see a link for Stock Options as well as Restricted Stock. To accept a grant click on the product you wish to proceed with.



From here, you will notice a box titled "Unaccepted Grants" this box will display any grants that have yet to be accepted. From this point you can choose to "accept" or "decline" your grant by clicking on the associated links to the right.



ACCEPTING: If you choose to accept the grant, you will be brought to a section entitled "Plan Document". From this point you can click on the .pdf to view the document or print for your records. To proceed check the agreement and hit "Next".

---

THETA

| Home | Savings & Retirement | Health & Insurance | Pay | Your Profile |

Log Out | Help

Tuesday, October 09, 2007

## Plan Document

### Selected Grant

| Grant Date | Grant ID | Expiration Date | Grant Price | Shares granted / Options |
|---|---|---|---|---|
| 01/02/2002 | THTAOPTION3 | 01/02/2012 | $45.000 | 1,000 |

### Plan Document

**You must certify that you have read your Plan Document to continue.**

📄 Plan Document (PDF)

[ ] I have read and accept the Plan Document

You must click Next to complete the process. If you leave this page before clicking Next or if you click the 'Cancel link', your agreement will not be recorded and you will not have accepted the grant.

Next >
Read and Accept Grant Agreement

**View**
- Summary
- Transaction History
- Pending Exercises
- Statements/Records
- Plan Information & Documents

**Act**
- Accept Grant
- Decline Grant
- Estimate Gain
- Exercise Grant

Cancel and select another grant

Netbenefits provided by

Grant Terms & Conditions: This is the final step in accepting your grant. From here you can view/print the grant agreement which will have the specifications for the grant you are electing to accept. Once you have read the agreement, click on the terms and click "Accept".

## Grant Terms and Agreement

### Selected Grant

| Grant Date | Grant ID | Expiration Date | Grant Point | Unaccepted Option |
|---|---|---|---|---|
| 01/02/2002 | THTACPTION3 | 01/02/2012 | $45,000 | 1,000 |

### Grant Terms and Agreement

**You must read your Grant Agreement and review the terms to continue.**

☐ Grant Agreement (PDF)

☐ I have read and accept the Grant Agreement

Your grant acceptance will be final once you click Accept. To cancel this transaction, click the Cancel link.

| < Previous | Accept > |
|---|---|
| Read Plan Document | Submit Grant Acceptance |

Proceed and select another grant.

Return to holdings heading

Confirmation: The final step will provide you with a confirmation number along with the "Terms of the Grant" and a second chance to review/print your plan documents and agreement. The next time you log in, you will notice that the grant has been moved to the section titled "Grant Summary".

# JAMES MEYER DECLARATION
# EXHIBIT B



```
Func: SRAH          ** Stock Option Administration **       Date: 10/11/2007
Prog: FBC1485       OGA Accept/Decline History Information   Time: 10:33:51

            Action: I (I=Inquiry, A=Add, U=Update, D=Delete)

         Client Id: OMC          Name: OMNICOM GROUP
    Participant Id: 217045179          SPORIDIS, HARRY
Confirmation Number: 208W3954

       Plan Number: EIP          Name: EQUITY INCENTIVE PLAN
        Product Id: 2005 5-20    Name: 2005 5-20
  Sub-Product Type: RSA (rsa,rsu)         MPT Status:      (e,p,sp)
  Transaction Date: 07/27/2005 (mm/dd/yyyy)  MPT Journaled:   (y,sp)
  Units/Shs Granted:          100.0000     Cost of Grant:        27.0000
        Grant Date: 05/23/2005 (mm/dd/yyyy)
   Sequence Number: 002                       Regrep: W##
       Grant Price:        0.1500
      FBSI Account: X31361925     Offset Account: X97005916
    Accept/Decline: A   (a=accept,d=decline)  Feedback: Y (y,n)
Accept/Decline Date: 07/27/2005 (mm/dd/yyyy)    Confirm: Y (y,n)
Accept/Decline Time: 20:40:03:00 (hh:mm:ss:tt) Bkpg Cash: Y (y,n)

  PF3=Exit  PF7=Scroll-Back  PF8=Scroll-Forward  PF12=Refresh
```

JAMES MEYER DECLARATION
EXHIBIT C



## Online Grant Agreement Report
10/05/2007

Client Name: **OMNICOM GROUP**
Locale:       **DOMESTIC**
Country:      **USA**
Division:     **DAS**

| Participant Name | Participant ID | Grant ID / Client Grant ID | Accepted / Declined | Special Instruction Clauses | Date | Time | Channel |
|---|---|---|---|---|---|---|---|
| | | Grant Type: RESTRICTED STOCK AWARDS | | | | | |
| | | Grant Sub Type: RSA | | | | | |
| | | Plan Name: EQUITY INCENTIVE PLAN | | | | | |
| | | Product Name: 2005 5-20 | | | | | |
| Grant Date:05/23/2005 | Grant Price: $0.15 | Shares Granted 360 | | | | | |
| SPORIDIS, HARRY | 217045179 | 2005 5-20 / 0518000000062 | Accepted | N/A | 07/27/2005 | 08:40 PM | Web |

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

THE WASHINGTON GROUP, INC.,

Plaintiff,

-against-

HARRY SPORIDIS,

Defendant.

No. _____

**DECLARATION OF GREGORY SPECK IN SUPPORT OF THE WASHIGNTON GROUP, INC.'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**

**GREGORY SPECK,** under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am the Manager of Equity Compensation for Omnicom Group, Inc. ("Omnicom"). I make this declaration in support of The Washington Group's ("TWG") application for an order temporarily restraining and preliminarily enjoining its former employee, defendant Harry Sporidis ("Sporidis" or "Defendant") from continuing his ongoing breach of written protective covenants that Sporidis agreed to during his employment with TWG. I am fully familiar with the facts and circumstances set forth herein.

2.      I have administered Omnicom's Restricted Stock Plan ("the Plan") since June 2005, and in that capacity I have become familiar with the online stock grant acceptance process administered by Fidelity Investments for Omnicom. In the course of administering the Plan, my duties include accessing Fidelity's NetBenefits system remotely and uploading to that system data and documents, for employees of Omnicom and its affiliates who receive grants of Omnicom stock. The data and documents that I upload onto Fidelity's system include each recipient's number of shares being awarded,

the par value of those shares, and the grant agreement templates to be filled by Fidelity's system and displayed to the recipient during his or her acceptance of the shares. I performed these functions in 2005, at the time Sporidis received and accepted his 2005 Omnicom stock award (the "2005 Award").

3.      Different employees of Omnicom and its affiliates receive stock awards with differing vesting schedules. For each of these vesting schedules, Omnicom creates a variant of its then-current Restricted Stock Agreement ("RSA"), containing the appropriate vesting information in Section 3 of the RSA. (Other than the vesting information in Section 3, *these variants of the RSA are identical, including the protective covenants contained in Section 6.*) I upload each of these variants onto the Fidelity system as templates, to be filled by Fidelity's system with recipient-specific data and then displayed to the recipients as the "Grant Agreement." When I upload the data for individual recipients of Omnicom stock, that data includes a code for each recipient that notifies Fidelity's system which vesting-schedule variant of the RSA template to display for that recipient.

4.      My records indicate that Sporidis's 2005 Award was based on a five-year, 20% vesting schedule ("5-20"), *i.e.*, twenty percent of his shares vest annually on the first five anniversaries of the grant date. Accordingly, when I uploaded Sporidis' data onto Fidelity's system, I provided a code indicating that Sporidis should be shown the 5-20 variant of the 2005 RSA as his Grant Agreement.

5.      I have reviewed the Declarations of James Meyer (dated October 23, 2007) (the "Meyer Declaration") and Steven Azzopardi (dated October 18, 2007) (the "Azzopardi Declaration"), and the exhibits attached thereto. Exhibit C to the Azzopardi

Declaration is the 5-20 variant of the 2005 RSA.  Accordingly, Exhibit C to the Azzopardi Declaration (with the blanks filled with Sproridis' name, the date, and the number of shares filled by Fidelity's system) was the document displayed to Sporidis when he clicked on the "Grant Agreement" hyperlink shown on the penultimate page of the demonstrative walkthrough attached to the Meyer Declaration as Exhibit A.

Dated: New York, New York
       October 25, 2007

GREGORY SPECK

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

THE WASHINGTON GROUP, INC.,

    Plaintiff,

 -against-

HARRY SPORIDIS,

    Defendant.

No. 1:07CV01892

**TEMPORARY**

**RESTRAINING ORDER**

  **IT IS HEREBY ORDERED,** upon consideration of Plaintiff's Motion for

Reconsideration of this Court's October 22, 2007 ruling and October 24, 2007 Order denying

Plaintiff's Motion for a Temporarily Restraining Order and Preliminary Injunction, that

Plaintiff's Motion for Reconsideration is GRANTED.  It is further ORDERED that Plaintiff's

Motion for a Temporary Restraining Order is GRANTED and Defendant Sporidis is hereby

ORDERED to cease all activity in violation of paragraph 6(a)(ii) of the 2005 Omnicom Group,

Inc. Restricted Stock Agreement, including: any solicitation or acceptance of business from or

performance of services for any Restricted Client as defined and limited therein; or any

interference with Plaintiff's business with such Restricted Clients as defined therein.

  This ORDER shall remain in effect until the later of 5:00 p.m. on November 9, 2005 or

the Court's ruling upon Plaintiff's Motion for a preliminary injunction.  The Clerk shall

distribute copies to all parties of record.

  **SO ORDERED:**

Date: _____    _____

          United States District Court Judge