IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE WASHINGTON GROUP, INC.,** : | Civil Action No. |
| **Plaintiff,** : | |
| : | 1:07-cv-1892(RBW) |
| v. : | |
| **HARRY SPORIDIS,** : | |
| **Defendant.** : | |

### SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELMINARY INJUNCTION

Defendant Harry Sporidis hereby respectfully submits the Declaration of Josh Levine, attached as Exhibit A hereto as part of his Opposition to Plaintiff's Request for a Preliminary Injunction. Despite diligent efforts, Mr. Sporidis did not receive this Declaration until the evening of November 9. This Declaration is the only testimonial evidence from Mentor Corporation, one of the two clients at issue here, and provides important evidence relevant to the issues here:

Mr. Levine states that he had no knowledge that Mr. Sporidis was leaving The Washington Group prior to September 26, the date on which Mr. Sporidis resigned. Levine Dec. ¶ 4. Mr. Sporidis therefore did not solicit Mentor prior to Ms. Molinari directing him to have his clients send in their termination notices and did not even inform Mentor that he intended to resign. Notification, in any event, would not constitute solicitation in violation of the Restricted Stock Agreement. See *Mal Dunn Assocs., Inc. v. Kranjac*, 145 App. Div. 2d 472, 535 N.Y.S.2d 430 (2d Dep't. 1988) (employee did not solicit client by asking whether client would do business with her at new firm).

Mr. Levine states that his loyalty is to Mr. Sporidis personally, and that Mr. Sporidis has served as the "only lobbyist" for Mentor from The Washington Group. Levine Dec. ¶ 3; see also *id*. at ¶ 6. Accordingly, plaintiff has no goodwill in its client relationship with Mentor. Thus, even under *Johnson Controls, Inc. v. A.P.T. Critical Systems, Inc.*, 323 F. Supp. 2d 525 (S.D.N.Y. 2004), relied on by plaintiff, plaintiff has no protectable interest in its relationship with Mentor, and no injunction should issue as there is no goodwill to protect.

Mr. Levine states that he has not been contacted by anyone from The Washington Group since Mr. Sporidis resigned (Levine Dec. ¶ 5), and that he has already signed a contract with Mr. Sporidis' new firm. *Id*. at ¶ 6. Accordingly, a preliminary injunction will not assist plaintiff in regaining this client – which The Washington Group has made *no* effort to retain – and a irreparable harm cannot be established under *Smith, Bucklin & Associates, Inc. v. Sonntag*, 83 F.3d 476 (D.C. Cir. 1996).

Mr. Levine's Declaration provides important evidence on each of these fundamental issues, and Mr. Sporidis respectfully requests that the Court deny Plaintiff's motion for a preliminary injunction.

Respectfully submitted,

/s/ *Alan D. Strasser*
Alan D. Strasser         (Bar No. 967885)
Kathryn S. Zecca         (Bar No. 457244)
Rachel Li Wai Suen       (Bar No. 500527)
Alice W. Yao             (Bar No. 493789)
ROBBINS, RUSSELL, ENGLERT,
ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411
Washington, DC  20006
Phone: (202) 775-4500
Fax: (202) 775-4510

*Attorneys for Defendant Harry Sporidis*