IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE WASHINGTON GROUP, INC., | Civil Action No. |
| Plaintiff, | 1:07-cv-1892(RBW) |
| v. | |
| HARRY SPORIDIS, | |
| Defendant. | |

### DECLARATION OF JOSHUA H. LEVINE

I, Joshua H. Levine, under penalty of perjury, state as follows based on my personal knowledge:

1. I am the President and Chief Executive Officer of Mentor Corporation, a company whose stock is traded on the New York Stock exchange. Founded in 1969, Mentor develops, manufactures, licenses and markets a range of products serving the aesthetic market, including plastic and reconstructive surgery. Our products include breast implants for plastic and reconstructive surgery, capital equipment and consumables used for soft tissue aspiration for body contouring (liposuction), and facial aesthetics products. I have worked for Mentor since 1996.

2. Among my duties at Mentor is the oversight and co-ordination of outside consultants and professionals who advise Mentor on governmental relations matters.

3. Mentor retained The Washington Group to advise it on certain government relations matters several years ago. Mr. Harry Sporidis has served as our only lobbyist at The Washington Group, with occasional assistance from other persons, during the duration of

the company's relation with The Washington Group. I have told Mr. Sporidis that Mentor is loyal to him rather than to The Washington Group, as he has been our lobbyist.

4. Mr. Sporidis informed me in late September 2007 that he had informed The Washington Group that he was leaving that firm to work for a law firm. By email dated September 27, 2007, he requested that Mentor submit a termination notice to The Washington Group, and I did so. I did not know that Mr. Sporidis had decided to leave The Washington Group until Mr. Sporidis told me that he had informed the firm that he was leaving.

5. I have received no contacts from anyone at The Washington Group, other than Mr. Sporidis, since Mr. Sporidis told me he had informed The Washington Group that he was leaving. No other lobbyist from The Washington Group has contacted me and none has asked me if The Washington Group might continue to provide services to the company.

6. Mr. Sporidis has provided skillful and valuable services to Mentor during the time that he has advised us on governmental relations matters. Mentor would prefer to continue to retain Mr. Sporidis as its lobbyist and has signed an engagement letter with his new firm.

7. Mr. Sporidis has informed me that The Washington Group has sued him to try to enforce a non-compete agreement that would prevent him from serving Mentor at another firm. Mr. Sporidis denied that he is bound by any such agreement. However, should the court rule that Mentor may not retain Mr. Sporidis as a lobbyist, Mentor will search to find another advisor on governmental relations. Mentor will have to bear the additional time and expense necessary to educate a new lobbyist about the issues and concerns of the company and the history of its prior government relations matters.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _November 9, 2007_          ___/s/ Joshua H Levine___
                                      Joshua H Levine