UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE WASHINGTON GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1892 (RBW) |
| HARRY SPORIDIS, | ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER

The parties appeared for a hearing on the plaintiff's Motion for Preliminary Injunction [D.E. #3] on November 13, 2007. Upon consideration of the memoranda submitted by the parties, the arguments presented by counsel to the Court, and in accordance with the Court's oral rulings, unless otherwise modified herein, it is hereby

**ORDERED** that the plaintiff's Motion for Preliminary Injunction is denied. In determining whether to grant preliminary injunctive relief, "the moving party must show (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006) (citations omitted); see also Al-Fayed v. CIA, 254 F.3d 300, 303 (D.C. Cir. 2001) (citation omitted); Mova Pharm Corp. v. Shalala, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (citation omitted). "[T]he strengths of the requesting party's arguments" with respect to each of these factors must be balanced and "[i]f the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738,

747 (D.C. Cir. 1995). However, regardless of the strengths of the other factors, "a party seeking injunctive relief must demonstrate irreparable injury . . . since '[t]he basis for injunctive relief in the federal courts has always been irreparable harm.'" Id. (citations omitted).

Here, the plaintiff has not demonstrated a substantial likelihood of success on the merits, or that it would suffer irreparable injury if the injunction were not issued.  Because the plaintiff has not shown "how a preliminary injunction would help regain . . . or maintain any current dealings with [the clients that were allegedly solicited by Mr. Sporidis] . . . , whatever damage has been inflicted on its relationship with [those clients] would likely remain unchanged by a preliminary injunction." Smith, Bucklin & Assoc. v. Sonntag, 83 F.3d 476, 481 (D.C. Cir. 1996).  Moreover, "[a]ny damage that has occurred can be adequately compensated at law." Id. (footnote omitted).  With respect to whether an injunction would not substantially injure other interested parties, this factor weighs in favor of the plaintiff and against the defendant, since issuing an injunction would prevent the defendant from providing services to clients who have indicated a desire to utilize the defendant's services.  And finally, the public interest would best be served by permitting Mr. Sporidis to provide the services apparently desired by the subject clients, while the plaintiff pursues its claim for damages for the alleged breach committed by Mr. Sporidis.  It is further

ORDERED that the parties shall appear before this Court for an initial scheduling conference on January 22, 2008, at 9:15 a.m.

SO ORDERED this 15th day of November, 2007.

REGGIE B. WALTON<br>
United States District Judge