UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE WASHINGTON GROUP, INC.,**<br><br>Plaintiff,<br><br>-against-<br><br>**HARRY SPORIDIS,**<br><br>Defendant. | No. 1:07cv1892(RBW) |

**RULE 26(f) PROPOSED DISCOVERY PLAN AND REPORT PURSUANT TO LOCAL CIVIL RULE 16.3(d)**

Pursuant to Fed. R. Civ. P. 26(f), and Local Civil Rule 16.3(d), plaintiff The Washington Group, Inc. and defendant Harry Sporidis, by and through their undersigned attorneys, submit the following discovery plan and report:

**I.   MEET AND CONFER**

On January 2, 2008, the parties conferred and discussed the issues identified under Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3.

**II.   PROPOSED DISCOVERY PLAN**

If acceptable to the Court, the parties have agreed to conduct discovery in accordance with the plan set forth in the discovery plan below.

    **A.   Fed. R. Civ. P. 26(f)(3):**

        (a)   **Rule 26(a) Deadlines:**

- **Initial disclosures:** Pursuant to LCvR 26.2(a) and Fed. R. Civ. P. 26(a)(1)(A), (B) and (C), the parties have stipulated to providing initial disclosures by **January 18, 2008.** The parties further agree that they have

previously disclosed certain information required under LCvR 26.2(a) and Fed. R. Civ. P. 26(a)(1)(A) during the expedited discovery period from October 22, 2007 through November 5, 2007.

- The proposed deadline for joining other parties or amending the pleadings shall be **March 3, 2008.**

- Factual discovery shall be completed by **April 30, 2008**.

- The parties shall provide expert disclosures by **May 14, 2008**.

- The parties shall provide any rebuttal expert disclosures by **June 6, 2008.**

- All expert discovery shall be completed by **June 27, 2008.**

- Dispositive motions shall be filed by **July 16, 2008**.

- Briefs in opposition to any such motions shall be filed by **August 5, 2008**.

- Reply briefs in support of any such motions shall be filed by **August 19, 2008**.

(b) **The subjects on which discovery may be needed**: During the expedited discovery period from October 22, 2007 through November 5, 2007, the parties took both written and deposition discovery regarding liability and other issues. The parties anticipate that further discovery may be needed regarding both liability issues and damages issues.

(c) **Electronic Discovery**: Defendant has raised a concern regarding the production of certain electronic evidence provided for the Court's review from Fidelity Investments, a third-party vendor to Plaintiff. Plaintiff has represented

2

that it will undertake its best efforts to see that this evidence is produced in discovery. Subject to the resolution of that issue, the parties, at this time, do not otherwise anticipate any disputes relating to electronic discovery.

(d) **Privilege:** The parties, at this time, do not anticipate any disputed issues relating to claims of privilege. However, the parties wish to preserve the right to raise privilege disputes in the event they arise.

(e) **Discovery Limitations:** The parties agree that there is no need to limit discovery, other than the limits provided in the Federal Rules of Civil Procedure, or to conduct discovery in phases.

(f) **Additional Orders:** The parties believe a Protective Order is appropriate in this matter. The parties have stipulated to the attached Order protecting confidential information including, but not limited to, commercially sensitive information and personnel files. In addition, the parties currently have pending before the Court a Consent Motion to Seal certain previously-filed documents. This Consent motion was filed by the Defendant on December 17, 2007.

B. **Local Rules:**

(a) **LCvR 16.3(c)(1):** At this time, Defendant believes there is a likelihood that the case can be resolved by dispositive motion. Plaintiff does not believe resolution by dispositive motion is likely.

(b) **LCvR 16.3(c)(2):** As discussed above, the parties have agreed that the deadline for amending pleadings and joining parties should be March 3, 2008.

(c) **LCvR 16.3(c)(3):** The parties decline assignment of the case to a magistrate judge for all purposes.

(d) **LCvR 16.3(c)(4):** The parties have discussed settlement prospects. At this juncture, their discussions have not yielded a settlement. Defendant believes that an eventual settlement is probable. Plaintiff believes settlement is possible, but cannot state that settlement is likely at this time. In any case, as set forth below in subsection (e), the parties both remain receptive to continued settlement efforts.

(e) **LCvR 16.3(c)(5):** Pursuant to the Rule, counsel for both Plaintiff and Defendant have discussed alternative dispute resolution (ADR) with their clients, and the parties agree that they could benefit from the Court's ADR procedures. Accordingly, the parties jointly request that the case be assigned to a magistrate or other Court-appointed mediator for the purpose of conducting a mediation of the dispute.

(f) **LCvR 16.3(c)(6):** The parties have agreed on the dates set forth above in Section (A) for filing of dispositive motions, including summary judgment.

(g) **LCvR 16.3(c)(7):** The parties have not stipulated to dispense with Rule 26(a)(1) initial disclosures. As set forth above, the parties have stipulated to exchange these disclosures on January 18, 2008, in the form prescribed by the rule.

(h) **LCvR 16.3(c)(8):** The parties have agreed to the Discovery Plan set forth above in Section (A).

(i) **LCvR 16.3(c)(9):** The parties have agreed that expert reports should be exchanged as set forth in Rule 26(a)(2), and that expert discovery occur as set forth above in Section (A).

(j) **LCvR 16.3(c)(11):** The parties do not believe that the trial in this action should be bifurcated.

(k) **LCvR 16.3(c)(12):** Should the Court's schedule permit, the parties propose to set the pretrial conference for **September 23, 2008**.

(l) **LCvR 16.3(c)(13):** The parties propose that a trial date be set at the pretrial conference. The parties anticipate the trial to last three days.

WHEREFORE, the above-captioned parties have appeared, discussed in good faith the proposed discovery plan and other matters listed above, and submit the proposed discovery plan and report to the Court pursuant to LCvR 16.3 and Fed. R. Civ. P. 26(f).

Respectfully submitted,

| ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER, LLP | LITTLER MENDELSON, P.C. |
|---|---|
| By: _____/s/ (with permission)_____<br>Alan D. Strasser (Bar No. 967885)<br>Kathryn S. Zecca (Bar No. 457244)<br>1801 K Street, NW, Suite 411<br>Washington, DC  20006<br>Phone:  (202) 775-4500<br>Fax:      (202) 775-4510<br><br>*Counsel for Defendant Harry Sporidis* | By:_____/s/_____<br>Elizabeth A. Lalik (Bar No. 447052)<br>1650 Tysons Boulevard, Suite 700<br>McLean, Virginia  22102<br>Phone:  (703) 286-3131<br>Fax:      (703) 842-8517<br><br>*Counsel for Plaintiff The Washington Group*<br><br>DAVIS & GILBERT LLP<br>David S. Greenberg (admitted *pro hac vice*)<br>1740 Broadway<br>New York, NY 10019<br>Phone: (212) 468-4895<br>Fax:     (212) 621-0940<br><br>*Counsel for Plaintiff The Washington Group* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE WASHINGTON GROUP, INC.,**<br><br>               **Plaintiff,**<br><br>   -against-<br><br>**HARRY SPORIDIS,**<br><br>               **Defendant.** | No. 1:07-cv-01892-RBW |

**STIPULATED PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION**

Pursuant to the stipulation of plaintiff The Washington Group ("TWG" or "Plaintiff") and defendant Harry Sporidis ("Sporidis" or "Defendant"), the parties, through their respective counsel, move for the entry of a Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure:

**IT IS HEREBY ORDERED THAT:**

      1.    "Discovery Material" shall consist of all of the following: (i) documents produced by one party to another pursuant to informal requests or formal requests under Rule 34 of the Federal Rules of Civil Procedure, all information derived therefrom, and all copies, excerpts, or summaries thereof; (ii) all documents produced pursuant to subpoenas under Rule 45 of the Federal Rules of Civil Procedure, all information contained therein and all copies, excerpts, or summaries thereof; (iii) responses to requests to admit made pursuant to Rule 36 of the Federal Rules of Civil Procedure; (iv) responses to interrogatories made pursuant to Federal Rules of Civil Procedure 33; and (v) testimony and transcripts of testimony in depositions under Rule 30

or Rule 31 of the Federal Rules of Civil Procedure and all other information, testimony and documents produced pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure; provided, however, that information incorporated into attorney work product is not Discovery Material under this definition.

2. A producing party or non-party may designate as "Confidential" any Discovery Material that contains non-public information that is confidential or commercially sensitive in nature, such as personnel files, financial information, strategic business plans and documents related thereto, customer information, or other such material that would cause competitive damage if it were disclosed to another party, as well as non-public communications with third parties relating to possible business arrangements and documents related thereto, the disclosure of which to the public has been purposefully avoided. "Confidential Discovery Material," as used herein, shall refer to any document designated "Confidential" and the information contained therein, or any other materials so designated (including deposition transcripts as specified below) and all copies and extracts thereof, and shall also refer to the information contained therein. Notes or memoranda regarding documents, information and/or testimony that have been designated Confidential shall be accorded the same level of confidential treatment as the designated information itself. The party designating something as Confidential must believe in good faith that it fits in the definition of Confidential Discovery Material.

3. Confidential Discovery Material and the information contained therein may not be used by any person for any business or competitive purpose or for any other purpose except in connection with this litigation, including any appeal.

4. Confidential Discovery Material shall, if a writing, be designated as such by stamping "CONFIDENTIAL" on the face of the writing, or otherwise clearly marking

"CONFIDENTIAL" in the margin or such place that it is clearly evident and in such a manner that the written material is not obliterated or obscured. The party designating the material as CONFIDENTIAL must place the designation on the writing for the designation to become effective.

     5.     Any document designated as Confidential Discovery Material may be marked by the producing party or non-party at the time it is produced or at the time copies are provided to the receiving party. In addition, any documents produced prior to the entry of this Order, as well as portions of transcripts of depositions taken prior to the entry of this Order, may be designated as Confidential Discovery Material by the producing party through written notice to the receiving party within 30 days of the effective date of this Order. The written notice must include an exact duplicate of the produced materials with the marking of the word "CONFIDENTIAL" on it. No receiving party shall be obligated to challenge the propriety of the designation at the time of production or designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

     6.     If, through inadvertence, a producing party discloses information and/or documents that it believes should have been designated as Confidential Discovery Material it may subsequently, within a reasonable period (not to exceed two weeks) after the discovery of such inadvertence, designate such information and/or documents as Confidential Discovery Material. A party may so designate a writing by providing an exact copy of the previously-produced writing with the word "CONFIDENTIAL" marked on it. After such designation is made, all receiving parties shall treat the information and/or documents accordingly. If the information and/or documents have been disclosed by the receiving party prior to the

designation, the receiving party shall notify the producing party and shall also make a good faith effort to have the information and/or documents returned.

7.  Material designated as Confidential Discovery Material and the information contained therein that is subject to a dispute as to whether it has properly been so designated, shall, until further order of the Court, be treated as confidential in accordance with the terms of this Protective Order. In the event that any party objects at any stage of the proceedings to the designation by a producing party of materials designated as Confidential Discovery Material, such parties shall endeavor first to resolve such dispute in good faith on an informal basis. If, within 10 business days, the parties are unable to resolve the matter after a good faith effort, then the party disputing the confidentiality designation may seek appropriate relief from the Court, with the disputed materials remaining confidential as originally designated pending resolution by the Court.

8.  Information and/or documents marked as Confidential Discovery Material and the information contained therein shall not be delivered, exhibited or disclosed, in whole or in part, to any person other than (a) the Court and court officials, including but not limited to, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court; (b) outside attorneys and in-house counsel engaged in the conduct of this litigation or in rendering legal advice to a party, and their employees or agents, including but not limited to the partners, associates, secretaries, paralegal assistants and other support staff, in each attorney's law firm or in-house legal department; (c) the parties and present or former officers and present or former employees of the parties or their parent companies; (d) experts and consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by a party or its attorneys for the purpose of (and only to the extent

necessary for) analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation; (e) third-party witnesses called to testify in this action, but only for the purpose of (and only to the extent necessary for) their testimony or preparation for their testimony; and (f) photocopy, document imaging, or database services, or other litigation support services retained by any of the foregoing counsel in connection with this litigation. Any such disclosure shall be limited to only those Confidential Discovery Materials or information contained therein necessary in the conduct of this litigation.

9. All persons receiving Confidential Discovery Material shall take all steps reasonably necessary to prevent the disclosure of such material or the information contained therein to anyone other than persons identified in paragraph 8 above. All such persons to whom Confidential Discovery Material or the information contained therein has been disclosed shall be notified of the entry and terms of this Protective Order. In addition, persons described in paragraph 8(c), (d), (e) and (f) above who receive information and/or documents marked as Confidential Discovery Material shall execute the Undertaking attached as Exhibit A before they are permitted access to any Confidential Discovery Material or the information contained therein. Attorneys of record for the receiving party shall be responsible for maintaining the originals of all executed Undertakings.

10. Nothing contained in this Order shall prevent the use of Confidential Discovery Material or information contained therein at a hearing or deposition in the above-captioned action. To the extent that a deposition involves the use of Confidential Discovery Material or information contained therein, the court reporter shall mark those portions of such deposition transcript(s) that concern Confidential Discovery Material or information contained therein with

the legend "CONFIDENTIAL" and shall place on the cover of the transcript the following legend:

> **THIS TRANSCRIPT CONTAINS INFORMATION DESIGNATED CONFIDENTIAL AND SUBJECT TO A PROTECTIVE ORDER IN THIS ACTION. IF SUCH INFORMATION IS FILED WITH THE COURT, IT MUST BE FILED UNDER SEAL.**

11.  Notwithstanding the foregoing, each deposition (including videotape recorded depositions) of any witness, any corresponding stenographic transcripts, and any information contained therein shall automatically be treated as Confidential Discovery Material for a period of twenty (20) days following delivery of copies of the deposition transcript to counsel for all parties to the Action.  Prior to the expiration of this period, any party or non-party may, by written notice to the other parties, designate portions of the deposition as Confidential Discovery Material in accordance with the provisions of this Order.  Following expiration of the 20-day period, any portions of the deposition not so designated shall no longer be treated as Confidential Discovery Material subject to the provisions in paragraph 6.

12.  No party shall attempt to file with the Court any Confidential Discovery Material, or any pleading, motion, or other paper disclosing any Confidential Discovery Material, unless the party has a good faith basis for believing it necessary to use the Confidential Discovery Material for that filing.  Any Confidential Discovery Material which is filed with the Court, and any pleading, motion, or other paper filed with the Court disclosing any Confidential Discovery Material, shall be filed in accordance with the applicable rules of this Court.  Nothing in this paragraph, however, shall be construed so as to limit any party's right to file unsealed, Confidential Discovery material so designated by that party itself.

13. If either party or its counsel receives a subpoena or other process from any person (including but not limited to natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) seeking production of another party's Confidential Discovery Material or information contained therein, the party and/or its counsel shall promptly give telephonic notice and written notice by overnight delivery or facsimile or e-mail transmission to counsel for the other party, identifying the materials sought, and enclosing a copy of the subpoena or other process. In no event shall production or other disclosure be made before counsel has been given the aforementioned notice and has had a reasonable opportunity to quash such subpoena.

14. Nothing in this Protective Order limits the right of any party in this action to seek permission of the Court to use Confidential Discovery Material or information contained therein at the trial of this action or other proceedings before the Court. All parties and non-parties reserve the right to seek additional protection for Confidential Discovery Material or information contained therein that is identified for use at trial or in other proceedings before the Court related to this action. Nothing in this Protective Order shall be construed to require any change in the presentation of Confidential Discovery Materials to the fact-finder in this case.

15. Nothing in this Protective Order, nor the parties' agreement hereto, shall be construed in any way to deprive a party or non-party of any rights it may otherwise have under the Federal Rules of Civil Procedure and the Federal Rules of Evidence including, but not limited to: (a) any party's or non-party's right to object to any discovery requests on any ground; (b) any non-party's right to object to any subpoena on any grounds; (c) any party's right to seek an order staying or compelling discovery with respect to any discovery requests; (d) any party's right at any proceeding herein to object to the admission of any evidence on any ground; (e) any

party's or non-party's right to assert the attorney-client privilege or the work-product doctrine; or (f) any party's or non-party's right to use its own documents with complete discretion.

16. Nothing in this Protective Order shall be construed to preclude any party or non-party from seeking a further protective order for any particularly sensitive information as to which such party or non-party believes this Protective Order is insufficiently protective.

17. The provisions of this Order shall continue in effect after final disposition of this litigation. Within sixty (60) days following the final disposition of all aspects of this litigation, including the final disposition of all appeals and the expiration of all appeal periods, counsel for each party shall be obligated to return to the producing party any Confidential Discovery Material, including any copies thereof, or to destroy such documents and certify that they have been destroyed, <u>provided, however,</u> that this paragraph shall not be construed to require any party to return or destroy copies of any documents which were filed with the Court, or any attorney work product, trial transcripts, or exhibits used in affidavits or declarations, or at depositions or trial, or any documents containing Confidential Discovery Material which any attorney is required to maintain, in strict confidence pursuant to the terms of this Protective Order, as part of his/her ethical obligations and duties to his/her client(s).

18. The restrictions set forth in the preceding paragraphs shall not apply to information or material that: (a) was, is or becomes public knowledge, other than as a result of a violation of this Protective Order; (b) is acquired by the non-designating party from a third party having the right to disclose such information or material; or (c) was lawfully possessed by the non-designating party prior to receipt from the designating party.

19. Nothing in this agreement shall affect or limit in any way the right of any party to redact proprietary and non-responsive or privileged information contained in documents

produced during the course of this litigation in response to any discovery request, including but not limited to Interrogatories, Requests for Admissions or Requests for the Production of Documents or to object to the production of trade secret and/or proprietary information.

20. The Court may impose appropriate sanctions for any violation of this Protective Order, and/or any violation of an Undertaking signed pursuant to paragraph 9 herein.

21. This Protective Order shall remain in effect after the termination of this litigation.

22. Any non-party producing documents in this Action may avail itself of the provisions of this Protective Order by signing the Undertaking annexed hereto as Exhibit B, without prejudice to any right afforded to non-parties under the Federal Rules of Civil Procedure, including, but not limited to, Fed. R. Civ. P. 26 or 45.

23. The Court retains jurisdiction of the parties hereto indefinitely respecting any dispute between them respecting improper use of information disclosed under protection of this Protective Order.

Dated: McLean, Virginia  
       January 16, 2008

LITTLER MENDELSON, P.C.

By: _____/s/ _____  
    Elizabeth A. Lalik (Bar No. 447052)  
1650 Tysons Blvd., Suite 700  
McLean, Virginia 22102  
Phone: (703) 286-3131  
Fax: (703)842-8517

*Counsel for Plaintiff The Washington Group*

Dated: New York, New York  
       January 16, 2008

DAVIS & GILBERT LLP

By_____/s/ _____  
    David S. Greenberg (*pro hac vice*)  
1740 Broadway  
New York, NY 10019  
Phone: (212) 468-4895  
Fax: (212) 621-0940

*Counsel for Plaintiff The Washington Group*

Dated: Washington, D.C.
       January 16, 2008

ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER

By: _____/s/ (with permission)_____
        Alan D. Strasser (Bar No. 967885)
        Kathryn S. Zecca (Bar No. 457244)
1801 K Street, N.W.
Suite 411-L
Washington, D.C. 20006
Phone: 202/775-4509
Fax:   202/775-4510

*Counsel for Defendant Harry Sporidis*

**SO ORDERED:**

_____
Hon. Reggie B. Walton
UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE WASHINGTON GROUP, INC.,**<br><br>          **Plaintiff,**<br><br>  -against-<br><br>**HARRY SPORIDIS,**<br><br>          **Defendant.** | No. 1:07-cv-01892-RBW |

**UNDERTAKING**

      The undersigned hereby certifies that he or she has read the Stipulated Protective Order Regarding Confidential Information entered in this action and agrees to be bound by it. The undersigned further consents to the jurisdiction of the Court in the above-referenced action for any proceeding relating to the enforcement of this Undertaking.

Dated:_____

                                                                Signature: _____

                                                                Name: _____
                                                                                 (Print or Type)

                                                                Title: _____

Sworn to and subscribed before me
this ___ day of_____, 2008.

_____
Notary Public

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE WASHINGTON GROUP, INC.,**<br><br>　　　　　　**Plaintiff,**<br><br>　-against-<br><br>**HARRY SPORIDIS,**<br><br>　　　　　　**Defendant.** | No.  1:07-cv-01892-RBW |

**UNDERTAKING**

The undersigned hereby certifies that he or she has read the Stipulated Protective Order

Regarding Confidential Information entered in this action and agrees to be bound by it.


Dated:_____

　　　　　　　　　　　　　　　　　　　　　　　Signature: _____

　　　　　　　　　　　　　　　　　　　　　　　Name:  _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Print or Type)

　　　　　　　　　　　　　　　　　　　　　　　Title:  _____

Sworn to and subscribed before me
this ___ day of_____, 2008.

_____
Notary Public